## TARVER'S EX'RS v. BOYKIN.

1. Where an action of assumpsit is brought against the payee, as indorser of a promissory note, payable at bank, and the defendant pleads the general issue, it is only necessary for the plaintiff to produce the note declared on with the payee's indorsement, prove that it was duly presented at the place appointed for its payment, show its non-payment, and that the defendants were seasonably advised thereof by notice given personally, or through the medium of the post-office.

2. Where defendants, sued as executors, plead *ne unques executors*, it is enough for the plaintiff to show on the trial of the issue, that they had received letters testamentary under a grant thereof by the county court, in order to throw upon the defendants the *onus* of sustaining their plea.

3. A promissory note, payable in bank, is, by the statute, governed by the rules of the law merchant, as to days of grace, &c.

WRIT of error to the Circuit Court of Russell.

This was an action of assumpsit on a promissory note, made by Douglass & Clark, on the 14th March, 1840, by which they promised to pay to the order of the testator the sum of twenty-eight hundred and thirteen 64-100 dollars, on the first day of January next thereafter, at the bank of Columbus. The declaration avers the endorsement of the note by the testator, in his

45

lifetime, to the plaintiff below, its presentment to the bank for payment on the fourth day of January, 1841, its non-payment by the bank or the plaintiff, and a notice thereof to the latter, &c. The defendants pleaded—1. Non-assumpsit; 2. *Ne unques* executors: and the cause was tried on issues to these pleas. The plaintiff read to the jury the note with the indorsement of the testator, as set forth in the declaration. He also proved by a notary public; that he did, on the fourth of January, 1841, present the note at the bank of Columbus for payment, which was refused; whereupon, he (the notary) gave notice to the defendants of the non-payment, by the first mail, addressed to them at Gerard, Russell county, Alabama. The notary also proved that, that was the nearest post office to the defendants' residence. The plaintiff then produced a certified transcript of the record of the county court of Russell, showing the probate of the last will and testament of Benjamin P. Tarver, dec'd, and an order for the issuance of letters testamentary thereon to the defendants. He also adduced the letters testamentary, which issued according to the order; and further, proved the rate of interest in the State of Georgia. To this evidence there was a demurrer by the defendants, which was overruled by the court; and the damages being uncertain, a writ of inquiry was awarded, the damages ascertained by a jury, and a judgment rendered upon the verdict, with costs, to be levied of the goods and chattels of the testator in the defendants' hands, &c.

N. HARRIS, for the plaintiffs in error.

J. COCHRAN, for the defendant.

COLLIER, C. J.—This cause was submitted without brief or argument indicating the legal questions proposed to be raised; and we are at loss to perceive even the semblance of error in the judgment of the circuit court. To disprove the first plea, it was only necessary for the plaintiff to produce the note declared on, with the indorsement of the payee, and to show that it was duly presented at the place appointed for its payment, prove its non-payment, and that the defendants were seasonably advised thereof, either by personal notice or through the medium of the post office. Upon the second plea, it was not necessary to show more, than, that the defendants had received letters testa-

mentary under a grant thereof by the county court of Russell. If they failed to qualify, by executing a bond and taking the oaths prescribed, or having taken upon themselves the trust, they afterwards resigned it, they should have shown the fact, and the court could not, upon their demurrer, have intended it. The fair inference, from the manner in which the evidence is recited, is, that the testator's will was proved at the instance of the defendants, and that they took upon themselves its execution. The second and third sections of the act of 1821, expressly enacts, that before letters testamentary or of administration shall be granted, or issued, the executor or administrator shall take an oath and execute a bond for the faithful performance of his duties according to law. The grant of letters testamentary supposes that all the prerequisites have been complied with; and having received them, an executor would not be permitted to repudiate the trust by showing that they were prematurely issued.

In respect to the fact that the note was not presented for payment until the fourth day of January, it may be remarked, that even if it were doubtful whether it is such a paper as is entitled to days of grace according to the principles of mercantile law, it can be no longer a matter of doubt in this State. The act of 1828 provides, " that hereafter the remedy on bills of exchange, foreign and inland, and on promissory notes payable in bank, shall be governed by the rules of the law-merchant as to days of grace, protest and notice."

As to the statement in the demurrer, that the plaintiff proved the rate of interest in Georgia, without proof that the note was there made, it is a point wholly immaterial; for, independent of that recital, the evidence is sufficient to show the plaintiff's right to recover. The jury ascertained the damages, and we must suppose that they had ample evidence before them to show where the note was made.

The notice of non-payment was strictly correct. The judgment of the circuit court is unobjectionable in point of law, and is consequently affirmed.